IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| AMERITRANS EXPRESS, LLC, ) | Case No. 23-11055-BFK |
| ) | Chapter 11 |
|     Debtor-In-Possession. ) | |
| ) | |

**DEBTOR'S PLAN OF REORGANIZATION**

COMES NOW, Debtor-In-Possession, Ameritrans Express, LLC ("Ameritrans" or the "Debtor") and files its Plan of Reorganization.

**ARTICLE I.**
**DEFINITIONS**

1.01  Definitions. For purposes of the Plan, the following terms shall have the meanings hereinafter set forth:

1.02  "Administrative Bar Date" means forty-five (45) days after the Effective Date and is the date by which applications for allowance of Administrative Expense Claims incurred through the Confirmation Date must be filed with the Court or be forever barred and discharged. Notice of confirmation of the Plan shall be deemed sufficient and adequate notice of the Administrative Bar Date.

1.03  "Administrative Expense(s)" means (a) a Claim for costs and expenses incurred in connection with the administration of the Debtor's Estate, including the formulation, confirmation and implementation of this Plan, allowable in accordance with §503(b) and entitled to priority under § 507(a)(1) of the Bankruptcy Code, and (b) all fees payable to the United States Trustee by the Debtor under 28 U.S.C. § 1930(a)(6).

Jonathan B. Vivona, Esquire
Virginia State Bar No. 82762
601 King Street, Suite 400
Alexandria, Virginia  22314
(Tel) 703-739-1353
(Fax) 703-337-0490
*Counsel for Ameritrans Express, LLC*

1.04  "Allowed Claim(s)" means any Claim: (a) in respect of which a proof of claim has been filed with the Bankruptcy Court within the applicable period of limitations fixed by Bankruptcy Rule 3003; (b) which is listed in Schedules D, E or F filed by Debtor with the Court, including any amendments thereto, and is not listed as disputed, contingent, or unliquidated as to amount, and further, as to any such claim, either no objection to the allowance thereof has been filed, or if an objection to the allowance thereof has been filed, the objection has been overruled or the amount of such claim fixed by a Final Order; or (c) for which an application has been filed pursuant to §§ 329 and 330 of the Bankruptcy Code and the amount of the claim has been fixed by a Final Order.

1.05  "Avoidable Transfer(s)" means any transfer that may be avoided under any provision of the Bankruptcy Code including, but not limited to §§ 544, 547, 548 or 549.

1.06  "Avoidance Action(s)" means all actions, causes of action, claims, powers, rights and remedies arising under §§ 544, 545, 546, 547, 548, 549, 550, 553 or 558 of the Bankruptcy Code including, but not limited to, any right, power or remedy to avoid any statutory lien or any pre-petition or post-petition transfer.

1.07  "Bankruptcy Code" means Title 11 of the United States Code ("U.S.C.") as enacted by the Bankruptcy Reform Act of 1978, Public Law No. 95-598 and subsequently amended, and such portions of Title 28 of the United States Code as are applicable to bankruptcy cases.

1.08  "Bankruptcy Rules" means (a) the Federal Rules of Bankruptcy Procedure, and (b) the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia, both as now in effect or hereafter amended.

1.09  "Bar Date" means the deadline fixed by the Court for filing proofs of claims or interests.

1.10 "Claim(s)" means any claim against the Debtor as defined in § 101(5) of the Bankruptcy Code, including, but not limited to, all claims arising from the rejection of unexpired leases and/or executory contracts.

1.11 "Confirmation Date" means the date on which the Court enters an Order of Confirmation.

1.12 "Court" means the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division.

1.13 "Creditor" means a Person holding a Claim.

1.14 "Debtor" means Ameritrans Express, LLC.

1.15 "Disposable Income" means current monthly income received by the Debtor less amounts reasonably necessary to be expended for the payment of expenditures necessary for the continuation, preservation, and operation of Debtor's estate.

1.16 "Disputed Claim(s)" means any Claim or a portion of any Claim as to which the Debtor or any other party in interest has filed an objection in accordance with the Bankruptcy Code and the Bankruptcy Rules, and which objection has not been withdrawn or adjudicated pursuant to a Final Order.

1.17 "Effective Date" means the date thirty (30) days following the Confirmation Date; provided, however, that if the thirtieth (30) day following the Confirmation Date falls on a Saturday, Sunday, legal holiday, or other day on which the Court is closed, then the Effective Date shall be on the first business day thereafter.

1.18 "Estate" means the bankruptcy estate created pursuant to §541 of the Bankruptcy Code upon commencement of this bankruptcy case.

1.19 "Final Order" means (a) an order that has not been reversed, stayed, modified or amended and the time to appeal from or to seek review of or rehearing or stay of such order has

expired, and which order has become final, or (b) if an appeal is taken or review or rehearing or stay has been sought, an order for which the time for further appeal, review or rehearing has expired and no further appeal, review or rehearing has been sought.

1.20 "Order of Confirmation" means the order entered by the Bankruptcy Court confirming the Plan in accordance with the Bankruptcy Code.

1.21 "Person" includes an individual, corporation, partnership, joint venture, trust, estate, unincorporated organization, or a government or any agency or political subdivision thereof.

1.22 "Petition Date" means the date on which the Debtor filed his voluntary petition under the Bankruptcy Code, which is June 28, 2023.

1.23 "Plan" means this Plan of Reorganization, or as hereafter amended or modified in a manner acceptable to the Debtor.

1.24 "Professional Person(s)" means an attorney, accountant, appraiser, auctioneer, broker, consultant or other professional retained or to be compensated pursuant to an order of the Court entered under §§ 327, 328, 330, 503(b), or 1103 of the Bankruptcy Code.

1.25 "Proof of Claim" means a proof of claim filed pursuant to § 501 of the Bankruptcy Code and Part III of the Bankruptcy Rules.

1.26 "Reorganization Expenses" means all reasonable and necessary expenses incurred after the Effective Date in connection with implementation of this Plan.

1.27 "Rules" means the Federal Rules of Bankruptcy Procedure, as supplemented and/or modified by the local bankruptcy rules as adopted by the Court and as they may be amended from time to time.

1.28 "Schedules" means the schedules of assets and liabilities and statement of financial affairs filed by the Debtor with the Bankruptcy Court in accordance with §521(1) of the Bankruptcy Code and Rule 1007 of the Bankruptcy Rules, and any amendments thereto.

4

1.29    Unsecured Nonpriority Claim means a Claim that is both outside the priority categories enumerated in §§ 507(a)(1) through (10) of the Code and that is not secured by a lien on property in which the Estate has an interest.

## ARTICLE II
## MEANS FOR IMPLEMENTATION OF THE PLAN

2.01    Debtor proposes to fund its Plan of Reorganization by contributing the proceeds from its claim against the USPS into the Plan.  It is projected that this amount will be sufficient to make the proposed payments contained in his Plan of Reorganization.

## ARTICLE III
## CLASSIFICATION AND TREATMENT OF CLAIMS

3.01    Class 1 consists of (i) Allowed Claims for costs and expenses of the administration of the Estate, as defined in § 503(b) of the Bankruptcy Code, including fees of Professional Persons approved by the Court and other post-petition operating expenses and Liquidation Expenses, and (ii) fees payable to the United States Trustee by the Debtor under 28 U.S.C. § 1930(a)(6). All unpaid Class 1 administrative claims shall be paid in full, in cash, from the Disbursing Account, on or before the Effective Date of the Plan.

This class of claims is unimpaired.

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses Arising in the Ordinary Course of Business after the Petition Date | TBD | Payment in the ordinary course of business |
| The Value of Goods Received in the Ordinary Course of Business within 20 Days Before the Petition Date | N/A | |
| Professional Fees, as Approved by the Court | $50,000.00 | Payment on or before the Effective Date |

5

| Clerk's Office Fees | N/A | |
|---|---|---|
| Office of the U.S. Trustee Fees | TBD | Payment in full when due |
| Other Administrative Expenses | N/A | |
| **Total Class 1 Administrative Expenses** | **TBD** | |

3.02. Class 2 of the Plan consists of all allowed priority claims, including but not limited to tax claims and employee wage claims in the 180 days preceding the bankruptcy filing. Any funds received by wage claimant(s) from the Department of Labor (WHD) shall be credited toward such claimant's allowed claim in this case. Such claim shall be reduced by any amount paid by WHD. All Class 2 claims shall be in full upon receipt of proceeds from the USPS claim. Class 2 claims shall be paid in full on or before July 1, 2026.

    This class of claims is impaired.

3.03 Class 3 consists of secured claims. All Class 3 claims shall be in full upon receipt of proceeds from the USPS claim. Class 3 claims shall be paid in full on or before July 1, 2026.

    This class of claims is impaired.

3.04 Class 4 of the Plan consists of non-priority unsecured claims. Any funds received by wage claimant(s) from the Department of Labor (WHD) shall be credited toward such claimant's allowed claim in this case. Such claim shall be reduced by any amount paid by WHD. All Class 4 claims shall be in full upon receipt of proceeds from the USPS claim. Class 4 claims shall be paid in full on or before July 1, 2026.

    This class of claims is impaired.

3.05 Class 5 consists of the 100% equity interest of Frederick Amankwaa in the Debtor. Mr. Amankwaa shall retain his 100% equity interest in the Debtor.

    This class of claims is unimpaired.

# ARTICLE IV
# PLAN EXECUTION

4.01    As of the Effective Date, the Debtor shall serve as the Estate's representative pursuant to § 1123(b)(3)(B) of the Bankruptcy Code and, to the extent necessary and appropriate to carry out the terms of this Plan, shall have all rights, remedies and powers that a Chapter 11 Trustee would have, if appointed.

4.02    The Debtor shall have the sole right, power and authority, among other things, to: (a) object to any Claim not allowed prior to the Effective Date or pursuant to this Plan; (b) file suit or commence an action or proceeding with respect to any claim or cause of action of the Debtor and/or the Estate, including, without limitation, Avoidance Actions, and otherwise prosecute, settle, compromise or pursue such claim or cause of action; (c) retain and employ professionals as the Debtor deems necessary or appropriate to carry out the terms and purposes of the Plan and on such terms as the Debtor deems reasonable; (d) execute and enter into contracts on behalf of the Estate as the Debtor deems necessary or appropriate to carry out the terms and purposes of the Plan and on such terms as the Debtor deems reasonable; (e) administer and liquidate assets of the Debtor and the Estate, or abandon assets in its discretion; (f) file tax returns; (g) distribute funds to holders of allowed Claims consistent with the terms of the Plan; (h) file a final report and move to close the Debtor's Chapter 11 case; and (i) to take such other and further actions as may be necessary or appropriate to carry out the terms and purposes of the Plan.

# ARTICLE V
# CLAIMS AND DISTRIBUTION MATTERS; REMEDIES

5.01    Distributions and deliveries to holders of Allowed Claims shall be made at the address of each such holder as set forth in its allowed proof of claim or, if none, at such holder's address set forth in the schedules prepared and filed with the Court pursuant to F.R.Bankr.P.

1007(b) or at such later address as has been made known to the Debtor in writing pursuant to §10.01 of the Plan.

5.02   If any holder's distribution is returned from the address applicable under §5.01 of the Plan as undeliverable or if a Creditor's distribution check is not negotiated such that it clears within 60 days following mailing of such check, then the Debtor shall be authorized in its sole and absolute discretion to stop payment on such distribution and to make no further distribution with respect to the Allowed Claim giving rise to such distribution. The Debtor shall have the right, but not the obligation, on a case-by-case basis in their sole and absolute discretion, to extend the time for negotiating distribution checks, to re-issue checks on which payment has been stopped, or to make subsequent distributions to Creditors who do not timely negotiate their distribution checks.

5.03   The Debtor's failure to make any required distribution to Creditors when due under the Plan shall constitute an event of default. The Debtor shall have 30 days after receiving a written notice of a default within which to contest or to cure such alleged default. If the Debtor fails to timely contest or cure such alleged default, then the party affected by such default shall be permitted to pursue its remedies under the Code or to enforce its rights under the Plan and pursuant to applicable non-bankruptcy law.

5.04   As a matter of administrative convenience in making disbursements under the Plan, the Debtor shall not be required to send any distribution check to a Creditor in an amount less than $25.00 but may instead, in its sole discretion, carry such payment over to the first subsequent quarter in which the aggregate payment then due to such Creditor exceeds $25.00; provided, however, that in no event shall the accumulated carryover payments to a Creditor be deferred beyond the final date of disbursements due under the Plan.

5.05   Debtor now seeks, with the aid of this document, to have its creditors accept, and the Court confirm, Debtor's Plan of Reorganization (the "Plan"), which you will receive with the

Disclosure Statement (the "Disclosure Statement") after the Disclosure Statement has been approved by the Court.

## ARTICLE VI.
## VOTING REQUIREMENTS FOR PLAN CONFIRMATION

6.01   In general, in order for the Plan to be confirmed, i.e. approved, by the Court, after which it becomes binding on the Debtor and its creditors and shareholders, it must first be accepted by creditors holding at least two-thirds (2/3) in amount and more than one half (1/2) in number of the allowed claims that actually vote in each impaired class of claims.  A class of claims or interests is impaired unless the Plan "leaves unaltered the legal, equitable and contractual rights to which such claim or interest entitles the holder of such claim or interest."  §1124(1).  However, even if the Plan is not accepted by all of the impaired classes of claims but is accepted by at least one such impaired class, then the Court may nevertheless confirm the Plan by way of a "cram-down" if the Court finds that it does not discriminate unfairly and is fair and equitable with respect to each impaired class that did not accept the Plan. The availability of a cram-down is a legal matter to be resolved in the context of a hearing on confirmation of the Plan.

6.02   Only creditors whose claims are not listed as disputed, contingent, or unliquidated in the schedules that the Debtor filed, or creditors who have timely filed a proof of claim with the Court that was not disallowed as of the date of the confirmation hearing on the Plan, have the right to vote, except that if an objection to a claim is pending at the time that the Debtor solicits acceptances of the Plan, then the holder of such claim may vote on the Plan only if the Court after notice and hearing temporarily allows the claim in an amount which the Court deems proper for the purpose of accepting or rejecting the Plan.

9

# ARTICLE VII
# **MISCELLANEOUS**

7.01    Discharge and Exculpation.  The Plan provides the following with respect to injunctions, discharges and exculpations:

a.    Discharges.  Confirmation of the Plan does not discharge any debt provided for in the Plan until the Court grants a discharge pursuant to § 1141(d).

b.    Injunctions. All persons or entities who have held, now hold or may hold Claims arising before the Petition Date against the Debtor are permanently enjoined from and after the Effective Date from commencing or continuing in any manner any action or proceeding of any kind with respect to such Claim against the Debtor. Upon entry of an order confirming this Plan, all holders of Claims or Interests and other parties in interest shall be enjoined from taking any actions to interfere with the implementation of the Plan and the transactions contemplated herein.

c.    Releases. As of the Effective Date, the Debtor shall be deemed to be forever released and discharged, by holders of Claims who vote in favor of the Plan, from any and all Claims, obligations, causes of action or liabilities, whether known or unknown, foreseen or unforeseen, arising on or before the Effective Date, and which in any way relate to the Debtor, the Chapter 11 case, the Estate or the Plan.

7.02    Plan Modification. The Debtor reserves the right, in accordance with the Bankruptcy Code, to amend or modify the Plan or the treatment of any Claim prior to the Confirmation Date. After the Confirmation Date, the Debtor may amend or modify the Plan, or any portion thereof, in accordance with § 1127(b) of the Bankruptcy Code, or remedy any defect or omission, or reconcile any inconsistency in the Plan, in such a manner as may be necessary to carry out the purpose and intent of the Plan.

7.03    General Plan Provisions.  The Plan includes the following general provisions:

      a.      U.S. Trustee's Fees.  Debtor will continue to make quarterly fee payments to the U.S. Trustee in accordance with the published schedules of administrative fees until the final decree is entered or other order of this Court directing that Debtor has no liability to make quarterly fee payments.

      b.      Retention of Jurisdiction. Notwithstanding the Confirmation of the Plan, the Court will retain jurisdiction until consummation of the Plan to ensure that the purposes and intent of the Plan are carried out. The Court shall have jurisdiction over any and all disputes and litigation pending at the time of the Confirmation of the Plan and any controversies that may arise thereafter.

      c.      Payment as Release. Subject to Article V of this Plan, the tender of full payment to the holder of an Allowed Claim in any class as provided for under this Plan shall be deemed to effect a settlement, release, and discharge of the Debtor and its property by such holder on behalf of itself, successors and assigns.

      d.      Extension of Dates. If any date or deadline under this Plan falls on a Saturday, Sunday, or legal holiday, the date or deadline shall be deemed to occur on the next business day thereafter, unless otherwise provided herein. Any deadline in this Plan may be extended with permission of the Court.

      e.      Rules of Construction. Except as otherwise provided herein, this Plan shall be construed in conformance with the rules of construction in §102 of the Bankruptcy Code. Except to the extent the Bankruptcy Code, Bankruptcy Rules or other federal law is applicable, or to the extent an exhibit to the Plan provides otherwise, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the Commonwealth of Virginia, without giving effect to the principles of conflicts of law of such jurisdiction.

f.  Addresses for Notices. In the event a party is required to give notice under this Plan, such notice shall be in writing, shall reference the above-referenced case number, and shall be sent by commercially reasonable means under the circumstances to the following:

> To the Debtor:
>
> Ameritrans Express, LLC
> c/o Jonathan B. Vivona, Esquire
> 601 King Street, Suite 400
> Alexandria, Virginia 22314

g.  Effective Date. The Effective Date of the Plan is thirty (30) days following the confirmation date.

h.  Section 1129(b) Election. In order to confirm the Plan, and to the extent necessary, the Debtor invokes the entitlement of § 1129(b) of the Bankruptcy Code, such that, as long as the Plan does not discriminate unfairly, and is fair and equitable, with respect to any Class of Claims that is impaired under and has not accepted the Plan, the Plan may be confirmed by the Court.

i.  Statutory Fees. All fees payable pursuant to Chapter 123 of Title 28, United States Code, as determined by the Court on the Confirmation Date, shall be payable on the later of the Effective Date, or such date as there are sufficient funds in the Disbursing Account. Any statutory fees accruing after the Effective Date shall constitute Administrative Expenses.

j.  Deadline For Filing Administrative Expense Claims For Services Through Confirmation Date. Notwithstanding § 503(a) of the Bankruptcy Code, any person or entity seeking the allowance or payment of an Administrative Expense Claim under § 503 of the Bankruptcy Code and/or any Professional Person or firm retained with approval by order of the Court seeking compensation in this Chapter 11 case pursuant to §§ 330 or 503(b) of the Bankruptcy Code, for services rendered through the Confirmation Date, shall be required to file on or before

the Administrative Bar Date an application for the allowance and/or payment of an Administrative Expense Claim including, without limitation, an application for the final compensation of a Professional Person and reimbursement of expenses. Any such Administrative Expense Claim not filed by the Administrative Bar Date shall be forever barred and discharged. Objections to any such application shall be filed on or before a date to be set by the Court. The provisions of this paragraph are not intended to limit or expand the ability of the Court to allow the payment of compensation to Professional Persons for services performed after the Confirmation Date; all such compensation remains subject to approval by the Court.

        k.      Closing of Case. When all Disputed Claims filed against the Debtor have become Allowed Claims or have been disallowed by Final Order, and the Debtor has determined that all Avoidance Actions and other causes of action have been fully and finally resolved, and all distributions required pursuant to the Plan have been completed, the Debtor may seek authority from the Bankruptcy Court to close this case in accordance with the Bankruptcy Code and the Bankruptcy Rules.

        l.      Invalidity of Plan Provisions. Should any provision of this Plan be determined to be invalid, void or unenforceable, such determination shall not in any way limit or affect the enforceability and operative effect of any or all other provisions of the Plan and the Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and in no way shall be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of

the Plan, as it may have been altered or interpreted in according with the foregoing, is valid and enforceable pursuant to its terms.

      m.      Litigation. Pending litigation includes the USPS claim before the United States Postal Service Board of Contract Appeals.  In addition, Debtor's claim against Paychex is currently in arbitration.  Further, the Plan contemplates that the Plan Administrator may commence any causes of action as necessary to liquidate any assets of the Debtor.

      n.      Voting on the Plan and Confirmation. Voting on acceptance or rejection of the Plan will be governed by the provisions of the Bankruptcy Code. Each voting creditor will be supplied with an official ballot, in a form prescribed by the Court. Creditors may vote to accept or reject the Plan by filing a completed ballot with the Clerk of the Court.  After the time for voting on the Plan passes, the Court will hold a hearing, and rule on confirmation of the Plan in accordance with the Bankruptcy Code.

      AMERITRANS   EXPRESS,   LLC
      By Counsel

VIVONA PANDURANGI, PLC


   /s/ Jonathan B. Vivona_____
JONATHAN B. VIVONA, ESQUIRE
Virginia State Bar No. 82762
601 King Street, Suite 400
Alexandria, Virginia 22314
Telephone Number: (703) 739-1353
Fax Number: (703) 337-0490
jvivona@vpbklaw.com
*Counsel for Ameritrans Express, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July, 2024 a true copy of the foregoing Disclosure Statement was served electronically pursuant to this Court's CM/ECF procedures on Gerard R. Vetter, U.S. Trustee, Joseph Davies, Esquire, Kristen S. Eustis, Esquire, Sara A. John, Esquire, Mark David Meyer and Jack I. Frankel, Esquire and by first class mail to the creditors below:

| | | |
|---|---|---|
| AJ Equity Group LLC<br>10 W 37th Street, Rm 602<br>New York, NY 10018 | American Express<br>Three World Financial Center<br>200 Vesey Street<br>New York, NY 10285 | Canon Advance LLC<br>c/o Mathew C. Sorokin, Esq.<br>9 Grand Street<br>Hartford, CT 06106 |
| Daniel Webb<br>2539 Newby Road<br>North Pole, AK 99705 | David Bursey<br>81 Foxchase Rd<br>Bradford, NH 03221 | Deborah Morse<br>213 Bradley LakeRoad<br>Andover, NH 03216 |
| EBF Holdings, LLC<br>dba Everest<br>c/o Ariel Bouskila, Esq.<br>80 Broad St, Suite 3303<br>New York, NY 10004 | Epic Advance LLC<br>c/o Cain & Daniels, Inc.<br>4902 Eisenhower Blvd<br>Tampa, FL 33634 | Fiji Funding, LLC<br>c/o The Klein Law Firm LLC<br>PO Box 714<br>Lakewood, NJ 08701 |
| Fora Financial Business Loans<br>1385 Broadway, 15th Floor<br>New York, NY 10018 | I Fund Experts, LLC<br>12067 NW 76th Place<br>Pompano Beach, FL 22076 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101 |
| Kammi William<br>13 Langdon St<br>Plymouth, NH 03264 | Krista Macy<br>1614 Rd 161<br>Pine Bluffs, WY 82082 | Marcie Whitehouse<br>32 Cates Hill Road<br>Alton, NH 03809 |
| Masada Funding<br>c/o Isaac H. Greenfield, PLLC<br>2 Executive Blvd., Ste 305<br>New York, NY 10101 | Quick Bridge Funding, LLC<br>410 Exchange, Suite 150<br>Irvine, CA 92602 | Richard M. Sack<br>PO Box 341<br>Pine Bluffs, WY 82082 |
| Union Funding Source<br>1835 Hallandale Beach Blvd<br>#278<br>Hallandale, FL 33009 | Vernon Capital Group<br>383 Kingston Ave.<br>Brooklyn, NY 11213 | |

　　　　　　　　　　　　　　　　　　　　　　　/s/ Jonathan B. Vivona   
　　　　　　　　　　　　　　　　　　　　　　　JONATHAN B. VIVONA